IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02250-MEH

ARTEMIS WARREN BOWENS, JR.,

      Plaintiff,

v.

CAROLYN W. COLVIN, Commissioner of Social Security,

      Defendant.

---

## ORDER ON MOTION FOR ATTORNEY'S FEES
_____

**Michael E. Hegarty, United States Magistrate Judge**.

      Before the Court is Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 [filed August 26, 2014; docket #24].  The motion is fully briefed, and the Court finds that oral argument will not assist in the adjudication of the motion.  For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART** the Plaintiff's motion.

      The facts and procedural history of this case are set out at length in the record and in this Court's May 30, 2014 order.  In that order, the Court reversed the decision of the Administrative Law Judge ("ALJ") and remanded the matter to the Defendant, the Commissioner of Social Security, for further proceedings.  Pursuant to the Court's order, the Clerk of the Court entered judgment in Plaintiff's favor.  Thereafter, Plaintiff timely filed the present motion pursuant to the EAJA. Plaintiff seeks an award of attorney's fees in the amount of $8,413.01 and costs in the amount of $400.00. He argues he is entitled to the award because the Commissioner's position in this case was

not substantially justified, and the Court should consider today's cost of living in determining whether to increase the statutory hourly rate for his attorney's work on the case.

The Commissioner responds that her position was substantially justified and, alternatively, the attorney's fees should be reduced to a reasonable rate and paid directly to the Plaintiff, not his attorney. Plaintiff replies that the Commissioner merely seeks to relitigate the claims in asking the Court to find her position substantially justified, and the Commissioner failed to point to any specific objectionable fees which need to be reduced. Having reviewed the motion, briefs and the entire record, the Court finds as follows.

The Equal Access to Justice Act ("EAJA") provides for an award of attorney's fees to a prevailing party, other than the United States, in a civil action brought by or against the United States, unless the Court finds that the position of the United States was substantially justified or special circumstances make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A). The substantial justification test is one of reasonableness in law and fact; thus, a position is substantially justified if it is "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). A "position can be justified even though it is not correct, and ... it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct." *Id.* at 566 n.2.

"Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. § 2412(d)(1)(B); *see also Gilbert v. Shalala*, 45 F.3d

1391, 1394 (10th Cir. 1995). "The government bears the burden of demonstrating that its position

was substantially justified." *Id.* A district court retains discretion to determine whether this standard

has been met. *Id.*; *see also Pierce*, 487 U.S. at 561-62. In exercising that discretion, the Court must

consider the case "as an inclusive whole, rather than as atomized line-items." *Comm'r, Immigration*

*& Naturalization Servs. v. Jean*, 496 U.S. 154, 161-62 (1990).

On May 30, 2014, this Court found in favor of the Plaintiff, reversed the ALJ's decision, and

remanded the matter to the Commissioner of Social Security for further proceedings. Thus, it is

undisputed that the Plaintiff is the prevailing party in the current matter. *See Hackett v. Barnett*, 475

F.3d 1166, 1168 (10th Cir. 2007) (a claimant is the prevailing party when the district court remands

to the Commissioner of Social Security under 42 U.S.C. § 405(g)).

Defendant contends that her position was substantially justified in arguing the ALJ properly

discounted the treating psychiatrist's opinions. The Court disagrees and finds that a reasonable

person would not think it correct to reject outright a treating doctor's opinion regarding disability.

The Social Security rules "provide that adjudicators must always carefully consider medical source

opinions about any issue, including opinions about issues that are reserved to the Commissioner."

*See* SSR 96-5p, 1996 WL 374183, at *2 (July 2, 1996). Here, the ALJ noted the various treatment

notes of Dr. Krause since the alleged onset of disability in March 2008 and, particularly, Dr.

Krause's August 31, 2010 letter in which the doctor described Plaintiff's history, listed the doctor's

observations and diagnosis for the purpose of assessing Plaintiff's ability to work, and ultimately

found Plaintiff was "unable to work for 12 consecutive months." The ALJ determined, "The

undersigned acknowledges Dr. Krause's opinion, but notes that it is only somewhat persuasive and

accords it only some weight. First, disability is an issue reserved to the Commissioner." Other than

this conclusion, there is nothing in the ALJ's opinion demonstrating that he took Dr. Krause's

"disability" opinion into consideration at all.

Second, Defendant contends that her position was substantially justified in arguing the ALJ

gave permissible reasons for discounting Dr. Krause's opinion.  Again, the Court disagrees.  The

ALJ determined, "Further, Dr. Krause's opinion appears to be based more on the claimant's own

subjective reports rather than on objective findings, given the lack of recent treatment and it does

not set forth the claimant's specific limitations." Defendant argued that the ALJ's determination was

proper pursuant to certain Tenth Circuit cases; however, this Court concluded that the cases were

distinguishable from the facts of this case and that, in fact, the Tenth Circuit has found "a

psychological opinion may rest either on observed signs and symptoms or on psychological tests ...

thus, [the doctor's] observations about claimant's limitations do constitute specific medical

findings." *Robinson*, 366 F.3d 1083; *see also Thomas v. Barnhart*, 147 F. App'x 755, 759 (10th Cir.

2005) ("[t]he practice of psychology is necessarily dependent, at least in part, on a patient's

subjective statements."); *Schwartz v. Barnhart*, 70 F. App'x 512, 518 (10th Cir. 2003) (finding the

ALJ "erred in discounting the treating psychologist's opinion for lack of clinical findings based on

psychological tests").  Accordingly, a reasonable person would not think Defendant's position

correct in this respect.

Defendant also asserts that her position was substantially justified in arguing the ALJ need

not consider *all* factors set forth 20 C.F.R. § 404.1527(c)(2)-(6) in weighing a medical opinion.

While it may be true that an ALJ need not recite all of the factors in his decision, it must be clear

to a reviewer of the decision that, in the application of the factors, the ALJ has given good reasons

for discounting the weight of a treating physician's opinion. *Krauser v. Astrue*, 638 F.3d 1324, 1331

(10th Cir. 2011).  Here, there is nothing in the ALJ's decision making it clear that the ALJ

considered three of the six factors listed in § 404.1527(c)(2)-(6); thus, a reasonable person would

not think the ALJ's position correct.

Finally, Defendant asserts her position was substantially justified in arguing the ALJ was not

required to state what weight was given to Dr. Fulton-Urbas' consultative opinion.  While an ALJ

certainly may fail to identify a certain weight he or she gives to a medical opinion, the ALJ's

decision, nonetheless, must be sufficiently specific to make clear to any subsequent reviewer the

weight given to the medical opinion, and the reason for that weight. *See Oldham v. Astrue*, 509 F.3d

1254, 1258 (10th Cir. 2007).  In this case, not only did the ALJ fail to identify a weight he gave to

the consultative examiner's opinion, his decision was completely vague as to Dr. Fulton-Urbas'

"failure to treat" Plaintiff, as to his conclusion the opinion "is an overestimate of the severity of the

restrictions [sic] limitations"; and as to his finding the opinion was "without substantial support from

other evidence in the record"; the ALJ identified no omissions nor inconsistencies between the

opinion and those of the agency physicians or other evidence.  This Court concluded that, without

more from the ALJ, it was unclear that he considered all of the evidence. *See Clifton*, 79 F.3d at

1009-10.  In sum, the ALJ's decision was not sufficiently specific to allow a reviewer to determine

whether the ALJ applied the correct legal standards.

Accordingly, the Court finds here that the Defendant's position was not substantially

justified.  Moreover, no party argues and the Court finds no special circumstances making an award

of fees and costs unjust in this case. *See* 28 U.S.C. § 2412(d)(1)(A).  Therefore, the Plaintiff is

entitled to an award of attorney's fees and costs under the EAJA, but the Court agrees with

Defendant that Plaintiff's requested fee award should be reduced.

To determine a reasonable fee request, the Court must first calculate the "lodestar amount."

*Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar amount is the

"number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."

*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

First, the Court finds the requested hourly rate of $189.91 is reasonable.  The majority of

Plaintiff's counsel's work occurred in February 2014 at which time the Plaintiff filed his opening

brief.  Thus, considering the cost of living increase – calculated pursuant to the Consumer Price

Index for urban wage earners in the western region – in or about February 2014, the base hourly rate

of $125 is properly adjusted to $189.91.  The Defendant does not challenge this requested rate.

Rather, the Defendant challenges the number of hours Plaintiff contends was expended – a

total of 48.50 hours – in the litigation of this case.  For the following reasons, the Court agrees.

First, the Court finds excessive the work of two experienced attorneys for this uncomplicated,

single-plaintiff case.  Mr. Pierre Pierre completed the majority of work on this case and has more

than 18 years' experience in litigating social security cases.  Without further explanation from the

Plaintiff as to why two lawyers on his case were necessary, the Court is not convinced that the work

of a second attorney, Mr. Binder, to "review and edit" Mr. Pierre Pierre's work was reasonable or

necessary and should be considered in the fee award.  Thus, the award will be reduced by 2.10 hours

expended by Mr. Binder.

Second, the Court finds that Plaintiff failed to comply with 28 U.S.C. § 2412(d)(1)(B) in seeking additional fees for his attorney's research and draft of his reply brief.  The regulation requires "an itemized statement from any attorney ... stating the actual time expended and the rate at which fees and other expenses were computed"; while the Plaintiff provided such statement with the present motion, his attorney did not provide an itemized statement reflecting the computation of additional  fees for specific services he rendered in the preparation of the reply brief.  *See* 28 U.S.C. § 2412(d)(1)(B); *see also Robinson*, 160 F.3d at 1281 ("a district court may discount requested attorney hours if the attorney fails to keep 'meticulous, contemporaneous time records' that reveal 'all hours for which compensation is requested and how those hours were allotted to specific tasks'") (quoting *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983)).  Accordingly, the fee award will be reduced by another 4.2 hours.

Despite Defendant's arguments to the contrary, the Court finds the Plaintiff's remaining number of hours expended in this case – 42.2 hours – reasonable in prosecuting this appeal.  *See, e.g., Preston v. Colvin*, No. 11-cv-02946-LTB, 2014 WL 2861691, at *3 (D. Colo. June 24, 2014) (finding 55.2 hours reasonable); *Aragon v. Colvin*, No. 12-cv-01192-CMA, 2013 WL 5417121, at *2 (D. Colo. Sept 26, 2013) (finding 40.6 hours reasonable); *Medina v. Astrue*, No. 08-cv-01501-WYD, 2010 WL 1254835, at *3 (D. Colo. Mar. 26, 2010) (finding 50 hours reasonable and citing cases finding 45 to 53.25 hours reasonable).  Accordingly, the Court will award to the Plaintiff attorney's fees totaling $8,014.20 and costs in the amount of $400.00.

THEREFORE, the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 [filed August 26, 2014; docket #24] is **GRANTED IN PART AND DENIED**

**IN PART** and the Plaintiff is AWARDED a total of $8,414.20 in attorney's fees and costs pursuant

to 28 U.S.C. § 2412(d)(1)(A).  The check shall be made payable to the Plaintiff and delivered to

Plaintiff's counsel's office.  *See* 28 U.S.C. § 2412(d)(1)(A); *see also Astrue v. Ratliff*, 560 U.S. 586,

589 (2010).

Dated at Denver, Colorado this 30th day of September, 2014.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge